NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCISCO LOPEZ OLIVA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3192

Agency No.
A078-912-586

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025[**]
Submitted June 11, 2025

Before: BOGGS,[***] FRIEDLAND, and BRESS, Circuit Judges.

Francisco Lopez Oliva, a native and citizen of Guatemala, petitions for review

of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge (IJ) order denying his applications for cancellation of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). When the BIA, as here, references the IJ's decision, we consider both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Lopez Oliva's qualifying relatives, his three United States citizen children, would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and therefore that Lopez Oliva is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.*

(quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at *7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In this case, substantial evidence supports the agency's determination that Lopez Oliva did not demonstrate the required hardship for purposes of cancellation of removal. We agree with the BIA that the IJ "properly considered the numerous hardship factors in their totality." The agency considered the hardship to Lopez Oliva's three children, explaining that all three "are healthy, speak some Spanish, and have no documented special educational needs." Further, the agency acknowledged Lopez Oliva's "concerns related to the safety and well-being of [his] family" in Guatemala, but also recognized that such concerns "are shared by many non-citizens who are facing removal." Given these circumstances, substantial evidence supports the agency's conclusion that Lopez Oliva's children would not experience exceptional and extremely unusual hardship if Lopez Oliva is removed from the United States. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

2.     Substantial evidence supports the agency's denial of asylum and withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021)

(standard of review). To establish eligibility for asylum, Lopez Oliva must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Id.* at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Lopez Oliva must "prove that it is more likely than not" that he will be persecuted in Guatemala "because of" his membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 & n.5, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)). For both forms of relief, Lopez Oliva must show that his past or feared persecution bears a nexus to a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–47 (9th Cir. 2021).

Lopez Oliva did not challenge the agency's nexus determination in his opening brief and thus forfeited this dispositive issue for his asylum and withholding of removal claims. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). Even overlooking the forfeiture, substantial evidence supports the agency's determination that Lopez Oliva did not establish a nexus to a protected ground. As the BIA explained, Lopez Oliva was "threatened and physically assaulted on multiple occasions by gang members who were attempting to extort money from him." This is insufficient to establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to

be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

In his opening brief, Lopez Oliva claims for the first time that he was persecuted based on a newly proffered particular social group. But Lopez Oliva did not raise the proposed group before the IJ or the BIA, and we thus do not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

3. We review the denial of CAT relief for substantial evidence. *See Sharma*, 9 F.4th at 1066. "To qualify for CAT relief, a petitioner must show that [he] more likely than not will be tortured if [he] is removed to [his] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). To constitute torture, an act must inflict "severe pain or suffering" and must be undertaken "at the instigation of, or with the consent or acquiescence of, a public official." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

Although Lopez Oliva experienced gang violence in Guatemala, "evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). And in this case, the record does not compel the conclusion that Lopez Oliva is more likely than not to be tortured by government officials or by others with the

government's acquiescence.

**PETITION DENIED.**